UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

MANDELA BROCK,

                           Plaintiff,

          -against-

CITY OF NEW YORK; *et al.*,

                           Defendants.

---

21-CV-3087 (LTS)

ORDER TO AMEND

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, appearing *pro se*, brings this action by order to show cause, under 42 U.S.C. § 1983, alleging that Defendants violated his constitutional rights. By order dated April 9, 2021, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis* (IFP). For the reasons set forth below, the Court grants Plaintiff leave to file an amended complaint within sixty days of the date of this order.

## STANDARD OF REVIEW

The Court must dismiss an *in forma pauperis* complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in

original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits –

to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil

Procedure, which requires a complaint to make a short and plain statement showing that the

pleader is entitled to relief.

Moreover, the exact degree of solicitude that should be afforded to a *pro se* litigant in any

given case depends upon a variety of factors, including the procedural context and relevant

characteristics of the particular litigant. *Tracy v. Freshwater*, 623 F.3d 90 (2d Cir. 2010). A

frequent *pro se* litigant may be charged with knowledge of particular legal requirements. *See*

*Sledge v. Kooi*, 564 F.3d 105, 109-110 (2d Cir. 2009) (discussing circumstances where frequent

*pro se* litigant may be charged with knowledge of particular legal requirements).

## BACKGROUND

Plaintiff filed this complaint against the City of New York; the Department of Homeless

Services (DHS); the Acacia Network and employees Daniel Reyes and Tatiana Cave; Services

for the Underserved (SUS) and its employees Donnell Burt, Jane Doe Martine, and Jane Doe

Facility Manager; and John and Jane Does 1-100.[1] The complaint contains the following

allegations.

Plaintiff entered the shelter system on February 9, 2020. On November 9, 2020, Plaintiff

sought shelter for himself and his 13-year-old son, and they were transferred to a family shelter

in the Bronx. DHS asked Plaintiff to provide information about where he had lived for the

previous two years, even though Plaintiff had already given that information. DHS "found

[Plaintiff and his son] ineligible for housing," and "forc[ed them] to suffer the mental anguish of

---

[1] Acacia and SUS appear to be private organizations that operate homeless shelters under
contract with the City of New York.

having to start all over with intake and then the waiting for approval." (ECF 2 at 5.)[2] Plaintiff

alleges that after DHS found him ineligible for housing five times, he filed an Article 78

proceeding in state court and sought a "TRO." The disposition of the state court action is not

clear,[3] but Plaintiff alleges that after the TRO was "lifted," Cave told Plaintiff that he was being

moved to a Tier II shelter. Instead, he was moved to another hotel. Plaintiff alleges that Reyes

and Cave discriminated against him because he is homeless, as demonstrated by their comment

that if he "wanted to exercise his rights and follow the law he should get his own house."

According to Plaintiff, Defendants "unlawfully criminalized" him because of his being a

homeless person, which he characterizes as a "protected class." (*Id.* at 6.)

Plaintiff asserts that he was transferred to a SUS shelter in the Bronx in retaliation for

asserting his rights. (*Id.* at 7.) Once Plaintiff was there, Defendant Burt seized Plaintiff's

unidentified property "without a warrant." Plaintiff was not allowed to leave his son alone in

their room, a rule that infringes on his "liberty." According to Plaintiff, his son is "of legal age to

remain alone, briefly, without supervision." In support of this claim, Plaintiff attaches a

document from New York State Child Protective Services, which "is adhered to" by the family

court and the "Legislative Branch who tasked the "Administration for Children's Services (ACS)

to govern and set guidelines." (*Id.* and 18-29.) Defendants called ACS on Plaintiff more than 30

times. It is not clear from the complaint whether all the calls were made because Plaintiff left his

son alone in their room unsupervised, or for some other reason.

Plaintiff claims that Defendants violated his rights under the "First, Fourth, Fifth, Sixth,

Seventh and Fourteenth Amendments," and the "Human Rights Treaty." According to Plaintiff,

---

[2] Citations are to the Court's ECF pagination system.

[3] Some documents from the state court matter are attached to the complaint. (ECF 2 at 16-17.)

the City of New York has "endorsed" the allegedly unconstitutional actions of the private

defendants. Plaintiff also invokes the Court's supplemental jurisdiction and asserts a claim of

"false misrepresentation" against Defendant Cave. (*Id.*) Plaintiff seeks millions of dollars in

money damages, and an order enjoining Defendants from "depriving [him] of his liberty,

intimidation, cruel and unusual treatment, threats, harassment, punitive actions, discrimination,

unconstitutional criminalization, deprivation of lodging." (ECF 3.)

### DISCUSSION

**A.     The named defendants**

1.      DHS and the City of New York

The Court must dismiss Plaintiff's claims against DHS because agencies of the City of

New York, like DHS, are not entities that can be sued. N.Y. City Charter ch. 17, § 396 ("[A]ll

actions and proceedings for the recovery of penalties for the violation of any law shall be brought

in the name of the city of New York and not in that of any agency, except where otherwise

provided by law."); *Jenkins v. City of New York*, 478 F.3d 76, 93 n.19 (2d Cir. 2007); *Ghouneim

v. DHS*, No. 19-CV-0748, 2019 WL 1207857, at *1 (S.D.N.Y. Mar. 13, 2019), *appeal dismissed*,

No. 19-658, 2019 WL4409920 (2d Cir. June 20, 2019).

Plaintiffs also names the City of New York. When a plaintiff sues a municipality under

§ 1983, it is not enough for the plaintiff to allege that one of the municipality's employees or

agents engaged in some wrongdoing. The plaintiff must show that the municipality itself caused

the violation of the plaintiff's rights. *See Connick v. Thompson,* 131 S. Ct. 1350, 1359 (2011) ("A

municipality or other local government may be liable under this section [1983] if the

governmental body itself 'subjects' a person to a deprivation of rights or 'causes' a person 'to be

subjected' to such deprivation.") (quoting *Monell v. Dep't of Soc. Servs. of City of New York,* 436

U.S. 658, 692 (1978)); *Cash v. Cnty. of Erie,* 654 F.3d 324, 333 (2d Cir. 2011). In other words, to

state a § 1983 claim against a municipality, the plaintiff must allege facts showing (1) the existence of a municipal policy, custom, or practice, and (2) that the policy, custom, or practice caused the violation of the plaintiff's constitutional rights. *See Jones v. Town of East Haven*, 691 F.3d 72, 80 (2d Cir. 2012); *Bd. of Cnty. Comm'rs of Bryan Cnty. v. Brown,* 520 U.S. 397, 403 (1997) (internal citations omitted).

Plaintiff does not set forth any facts suggesting that a policy, custom, or practice caused his alleged injuries. The Court grants Plaintiff leave to file an amended complaint to provide any additional facts to support a municipal liability claim.

2.     Acacia, SUS, and employees

Acacia and SUS are private entities, and Reyes, Cave, Burt, and the Doe defendants are employees of those private entities. The complaint fails to allege facts showing that these defendants qualify as state actors who may be held liable under § 1983. "Because the United States Constitution regulates only the Government, not private parties, a litigant claiming that his constitutional rights have been violated must first establish that the challenged conduct constitutes state action." *Flagg v. Yonkers Sav. & Loan Ass'n*, 396 F.3d 178, 186 (2d Cir. 2005) (internal quotation marks omitted); *see also Tancredi v. Metro. Life Ins. Co.,* 316 F.3d 308, 312 (2d Cir. 2003) ("A plaintiff pressing a claim of violation of his constitutional rights under § 1983 is thus required to show state action.").

The activity of a private entity can be attributed to the state in three situations: (1) the entity acts using the coercive power of the state or is controlled by the state (the "compulsion test"); (2) the entity willfully participates in joint activity with state or its functions are entwined with state policies (the "joint action" or "close nexus" test); or (3) the state has delegated a public function to the entity (the "public function" test). *See Fabrikant v. French*, 691 F.3d 193, 207 (2d Cir. 2012). The fundamental question under each test is whether the private entity's challenged

actions are "fairly attributable" to the state. *Id.* (citing *Rendell-Baker v. Kohn*, 457 U.S. 830, 838 (1982)).

In analyzing whether a private entity acts under color of state law for purposes of § 1983, the district court begins "by identifying the specific conduct of which the plaintiff complains," rather than the general characteristics of the entity. *Id.* Providing housing is not a public function because it is not the exclusive province of the state. *See, e.g., George v. Pathways to Housing, Inc.*, No. 10-CV-9505 (ER), 2012 WL 2512964, at *4 (S.D.N.Y. June 29, 2012) ("It is well established that the provision of low-cost supportive housing is not a 'public function.'"). The fact that an entity receives public funds does not turn private action into state action. *See Rendell-Baker v. Kohn*, 457 U.S. 830, 840 (1982).

Plaintiff claims that the City of New York has "endorsed" the actions of the private defendants. But even if the Court assumes that the private defendants engaged in unconstitutional conduct, there are no facts in the complaint suggesting that the actions of the private defendants are attributable to the government. Should there be additional facts to support such a finding, Plaintiff may assert them in an amended complaint.

**B.     Plaintiff's claims**

1.     Discrimination

The Court construes Plaintiff's discrimination claim as arising under the Fair Housing Act (FHA), 42 U.S.C. § 3601, *et seq.* The FHA "broadly prohibits discrimination in housing." *Gladstone Realtors v. Vill. of Bellwood*, 441 U.S. 91, 93 (1979). Specifically, it prohibits discrimination "against any person in the terms, conditions, or privileges of sale or rental of a dwelling, or in the provision of services or facilities in connection therewith, because of race, color, religion, sex, familial status . . . national origin" or disability. 42 U.S.C.§ 3604(b), (f). The FHA also prohibits retaliation against persons who have asserted their rights under the FHA. *See*

*id.* § 3617 (unlawful "to coerce, intimidate, threaten, or interfere with any person in the exercise or enjoyment of, or on account of his having exercised or enjoyed, or on account of his having aided or encouraged any other person in the exercise or enjoyment of, any right granted or protected by [among others, §§ 3604 and 3605] of this title").

Plaintiff alleges that Defendants discriminated against him because he is homeless.[4] But being homeless is not a protected characteristic under the FHA or other federal antidiscrimination statute. And the complaint does not set forth facts showing any connection between the events giving rise to this complaint and a protected characteristic. Instead Plaintiff relies exclusively on legal conclusions and "unadorned, the-defendant-unlawfully-harmed-me accusation[s]," *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), which are insufficient to state a claim under Rule 8 of the Federal Rules of Civil Procedure.

In light of Plaintiff's *pro se* status, the Court grants Plaintiff leave to file an amended complaint with respect to this claim.[5]

2.      Retaliation

Plaintiff asserts that Defendants retaliated against him for asserting his rights. To state a First Amendment retaliation claim, a private citizen must allege that (1) he has an interest

---

[4] Plaintiff's allegations about being sent to an undesirable shelter do not state a federal claim because one does not have a due process property right to placement in a particular type of shelter under federal law or New York law. *See Lindsey v. Normet*, 405 U.S. 56, 74 (1972) ("We are unable to perceive in [the Constitution] any constitutional guarantee of access to dwellings of a particular quality. . . [a]bsent constitutional mandate, the assurance of adequate housing and the definition of landlord-tenant relationships are legislative, not judicial, functions"); *Jenkins v. New York City Dept. of Homeless Services*, 643 F. Supp. 2d 507, 512 (S.D.N.Y. 2009) ("The Plaintiff has no claim for deprivation of property without due process because he does not have a property right to placement in a particular type of shelter under New York law."

[5] Plaintiff asserts that he filed in state court an action under Article 78 of the New York Civil Practice Law and Rules regarding these events. Under Article 78, a state court may review an administrative determination under an "arbitrary and capricious" standard. *See, e.g. Blatch ex rel. Clay v. Hernandez*, 360 F. Supp. 2d 595, 605 (S.D.N.Y. 2005).

protected by the First Amendment; (2) defendants' actions were motivated or substantially

caused by his exercise of that right; and (3) defendants' actions effectively chilled the exercise of

his First Amendment right. *Curley v. Village of Suffern*, 268 F.3d 65, 73 (2d Cir. 2001); *Williams*

*v. Town of Greenburgh*, 535 F.3d 71, 76 (2d Cir. 2008) ("Regardless of the factual context,

[courts] have required a plaintiff alleging retaliation to establish speech protected by the First

Amendment.").

Assuming that Plaintiff is entitled to First Amendment protection for his advocacy on

issues of personal concern to him, he nevertheless fails to plead facts suggesting that Defendants'

actions were "motivated or substantially caused" by his exercise of his First Amendment rights.

In other words, Plaintiff's complaint does not allege facts suggesting that there was a causal link

between his lodging of complaints and his failure to obtain the type of shelter or other assistance

he was seeking. Plaintiff also fails to plead facts showing that Defendants' actions effectively

chilled the exercise of his First Amendment rights, and his allegations thus fail to state a claim

that Defendants violated his rights under the First Amendment.

3.      Motion for injunctive relief

Plaintiff has filed an order to show cause seeking a temporary restraining order. To obtain

such relief, Plaintiff must show: (1) that he is likely to suffer irreparable harm and (2) either (a) a

likelihood of success on the merits of his case or (b) sufficiently serious questions going to the

merits to make them a fair ground for litigation and a balance of hardships tipping decidedly in

her favor. *See UBS Fin. Servs., Inc. v. W.V. Univ. Hosps., Inc.*, 660 F. 3d 643, 648 (2d Cir. 2011)

(citation and internal quotation marks omitted); *Wright v. Giuliani*, 230 F.3d 543, 547 (2000).

Preliminary injunctive relief "is an extraordinary and drastic remedy, one that should not be

granted unless the movant, by a clear showing, carries the burden of persuasion." *Moore v.*

*Consol. Edison Co. of N.Y., Inc.*, 409 F.3d 506, 510 (2d Cir. 2005) (internal quotation marks and citation omitted).

As explained above in this order, the facts alleged do not state a viable claim under either § 1983 or the FHA. The Court therefore finds that Plaintiff has failed to show (1) a likelihood of success on the merits, or (2) sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of hardships tipping decidedly in his favor. Accordingly, Plaintiff's request for an order to show cause is denied.

**C.     Rule 5.2(a)(3) of the Federal Rules of Civil Procedure**

In Plaintiff's complaint, he includes his son's name. Rule 5.2(a)(3) of the Federal Rules of Civil Procedure requires that any references to a minor child in court submissions must be made by referring to the minor's initials. The Court has directed the Clerk of Court to limit access to the complaint on the Court's CM/ECF database to a "party-view only" basis. Should Plaintiff file an amended complaint, he should refer his son solely by his initials.

## LEAVE TO AMEND, LITIGATION HISTORY, AND WARNING

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123‑24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Although it is not clear whether the defects in Plaintiff's complaint may be cured with an amendment, because Plaintiff proceeds *pro se*, the Court grant him leave to amend his complaint.

Plaintiff has filed a number of cases in federal courts.[6] *See, e.g.*, *Brock v. Zuckerberg,* 20-CV-7513 (S.D.N.Y. filed Sept. 14, 2020) (pending complaint asserting claims against

---

[6] In addition to the Article 78 proceeding referenced in this complaint, public records show that Plaintiff previously filed an Article 78 proceeding in state court about other events. *See Brock v. Supreme Ct. of New York*, 109 A.D.3d 659 (2d Dep't Aug. 28, 2013) (denying petition).

Facebook);[7] *Brock v. Henry*, 19-CV-5927 (E.D.N.Y. Nov. 2, 2012) (order dismissing complaint for failure to state a claim); *Brock v. City of New York*, 19-CV-597 (E.D.N.Y. Feb. 4, 2019) (order dismissing complaint for failure to state a claim and as duplicative of a previously filed complaint); *Brock v. De Blasio*, 17-CV-5827 (E.D.N.Y. Oct. 10, 2017) (order dismissing complaint for failure to state a claim); *Brock v. Windsor*, 13-CV-6311 (E.D.N.Y. May 20, 2015) (order granting defendant's motion for summary judgment); *Brock v. Henry*, 12-CV-5044 (E.D.N.Y. Nov. 2, 2012) (order dismissing complaint for failure to state a claim). Judge Brian Cogan, of the Eastern District of New York, described Plaintiff as a "serial litigant," and warned that if he "files another meritless case, the Court may well issue an anti-suit injunction prohibiting him from filing any further proceedings without prior permission of the Court." *See Brock v. City of New York*, No. 18-CV-4768 (BMC) (RML) (E.D.N.Y. Apr. 15, 2019).

In light of Plaintiff's litigation history, the Court finds that Plaintiff was or should already have been aware of federal pleading requirements when he filed this complaint. The warning of the Eastern District applies with equal force to actions Plaintiff files in this District.

## CONCLUSION

The order to show cause is denied, and the Clerk of Court is directed to terminate it. (ECF 3.)

Plaintiff is granted leave to file an amended complaint that complies with the standards set forth above. Plaintiff must submit the amended complaint to this Court's Pro Se Intake Unit within sixty days of the date of this order, caption the document as an "Amended Complaint," and label the document with docket number 21-CV-3087 (LTS). An Amended Complaint form is

---

[7] Pending in this District is Defendants' motion to dismiss or transfer the action to the Eastern District of California. Pending in the Second Circuit is Plaintiff's appeal from an order dismissing one defendant from the action. *See Brock v. Zuckerberg*, 21-61 (2d Cir.).

attached to this order. No summons will issue at this time. If Plaintiff fails to comply within the time allowed, and he cannot show good cause to excuse such failure, the complaint will be dismissed for failure to state a claim upon which relief may be granted.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

Plaintiff has consented to receive electronic service. (ECF 5.)

SO ORDERED.

  Dated:    April 19, 2021
               New York, New York

                             /s/ Laura Taylor Swain
                                 LAURA TAYLOR SWAIN
                     Chief United States District Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

_____

Write the full name of each plaintiff.

-against-

_____

_____

_____

_____

Write the full name of each defendant. If you need more space, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names listed above must be identical to those contained in Section II.

\_\_\_\_\_CV_____
(Include case number if one has been assigned)

**AMENDED**

**COMPLAINT**

Do you want a jury trial?
☐ Yes   ☐ No

---

**NOTICE**

The public can access electronic court files. For privacy and security reasons, papers filed with the court should therefore *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number. See Federal Rule of Civil Procedure 5.2.

---

Rev. 2/10/17

## I.   BASIS FOR JURISDICTION

Federal courts are courts of limited jurisdiction (limited power). Generally, only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties. Under 28 U.S.C. § 1331, a case arising under the United States Constitution or federal laws or treaties is a federal question case. Under 28 U.S.C. § 1332, a case in which a citizen of one State sues a citizen of another State or nation, and the amount in controversy is more than $75,000, is a diversity case. In a diversity case, no defendant may be a citizen of the same State as any plaintiff.

What is the basis for federal-court jurisdiction in your case?

☐   **Federal Question**

☐   **Diversity of Citizenship**

## A.   If you checked Federal Question

Which of your federal constitutional or federal statutory rights have been violated?

_____

_____

_____

_____

## B.   If you checked Diversity of Citizenship

### 1.   Citizenship of the parties

Of what State is each party a citizen?

The plaintiff , _____ , is a citizen of the State of
                          (Plaintiff's name)

_____
(State in which the person resides and intends to remain.)

or, if not lawfully admitted for permanent residence in the United States, a citizen or subject of the foreign state of

_____ .

If more than one plaintiff is named in the complaint, attach additional pages providing information for each additional plaintiff.

Page 2

If the defendant is an individual:

The defendant, _____, is a citizen of the State of
          (Defendant's name)

_____

or, if not lawfully admitted for permanent residence in the United States, a citizen or
subject of the foreign state of

_____ .

If the defendant is a corporation:

The defendant, _____, is incorporated under the laws of

the State of _____

and has its principal place of business in the State of _____

or is incorporated under the laws of (foreign state) _____

and has its principal place of business in _____ .

If more than one defendant is named in the complaint, attach additional pages providing
information for each additional defendant.

## II.  PARTIES

## A.  Plaintiff Information

Provide the following information for each plaintiff named in the complaint. Attach additional
pages if needed.

_____

First Name                 Middle Initial       Last Name

_____

Street Address

_____

County, City                    State           Zip Code

_____

Telephone Number          Email Address (if available)

Page 3

## B.  Defendant Information

To the best of your ability, provide addresses where each defendant may be served. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are the same as those listed in the caption. Attach additional pages if needed.

Defendant 1: _____

First Name              Last Name

_____

Current Job Title (or other identifying information)

_____

Current Work Address (or other address where defendant may be served)

_____

County, City            State          Zip Code

Defendant 2: _____

First Name              Last Name

_____

Current Job Title (or other identifying information)

_____

Current Work Address (or other address where defendant may be served)

_____

County, City            State          Zip Code

Defendant 3: _____

First Name              Last Name

_____

Current Job Title (or other identifying information)

_____

Current Work Address (or other address where defendant may be served)

_____

County, City            State          Zip Code

Defendant 4:

First Name                         Last Name

Current Job Title (or other identifying information)

Current Work Address (or other address where defendant may be served)

County, City                         State                  Zip Code

## III. STATEMENT OF CLAIM

Place(s) of occurrence:

Date(s) of occurrence:

## FACTS:

State here briefly the FACTS that support your case. Describe what happened, how you were harmed, and what each defendant personally did or failed to do that harmed you. Attach additional pages if needed.

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

**INJURIES:**

If you were injured as a result of these actions, describe your injuries and what medical treatment, if any, you required and received.

_____

_____

_____

_____

## IV. RELIEF

State briefly what money damages or other relief you want the court to order.

_____

_____

_____

_____

_____

## V.  PLAINTIFF'S CERTIFICATION AND WARNINGS

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I agree to notify the Clerk's Office in writing of any changes to my mailing address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to proceed without prepayment of fees, each plaintiff must also submit an IFP application.

Dated _____    Plaintiff's Signature _____

First Name _____  Middle Initial _____  Last Name _____

Street Address _____

County, City _____   State _____   Zip Code _____

Telephone Number _____   Email Address (if available) _____

I have read the Pro Se (Nonprisoner) Consent to Receive Documents Electronically:

☐ Yes   ☐ No

If you do consent to receive documents electronically, submit the completed form with your complaint. If you do not consent, please do not attach the form.