UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------

MANDELA BROCK,

                Plaintiff,

    - against -

CITY OF NEW YORK et al.,

                Defendants.

**ORDER**

21 Civ. 3087 (PGG) (GWG)

---------------------------------------------------------------

PAUL G. GARDEPHE, U.S.D.J.:

        Pro se Plaintiff Mandela Brock brings this action under 42 U.S.C. § 1983, alleging violations of his constitutional rights in relation to his access to temporary housing. Defendants are the City of New York (the "City"); ACACIA Network and its employees Daniel Reyes, Tatiana Cave, and Donnell Burt; and Services for the Underserved ("SUS") and its employees Jane Doe Martine, Jane Doe Baptiste, Jane Doe Facility Manager, Jane Doe Simmons, and Joel Barton.[1]  (See Am. Cmplt. (Dkt. No. 10) at 2)

        On March 7, 2022, the City moved to dismiss the Amended Complaint.  (Dkt. No. 44)  Plaintiff submitted his opposition on March 20, 2022.  (Dkt. No. 47)  On June 17, 2022, this Court referred the City's motion to Magistrate Judge Gorenstein for a Report and Recommendation ("R&R").  (Dkt. No. 48)  On September 29, 2022, Judge Gorenstein issued a thorough, nine-page R&R recommending that the City's motion be granted.  (See R&R (Dkt. No. 52))

---

[1] ACACIA Network and SUS appear to be private organizations that operate homeless shelters in New York City and offer a range of services to underserved communities.  See Services, ACACIA NETWORK, https://acacianetwork.org/about/ (last visited Aug. 11, 2021); Homeless Services, SERVS. FOR THE UNDERSERVED, https://sus.org/our-services/homeless/ (last visited Aug. 11, 2021).

28 U.S.C. § 636(b)(1)(C) provides that, "[w]ithin fourteen days after being served with a copy, any party may serve and file written objections to [a magistrate judge's] proposed findings and recommendations . . . ." 28 U.S.C. § 636(b)(1); see also Fed. R. Civ. P. 72(b)(2) ("Within 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations."). Here, neither Plaintiff nor the City has filed objections to Magistrate Judge Gorenstein's R&R.

In the R&R, Judge Gorenstein advises the parties that they

> have fourteen (14) days (including weekends and holidays) from service of this Report and Recommendation to file any objections. . . . If a party fails to file timely objections, that party <u>will not be permitted to raise any objections to this Report and Recommendation on appeal</u>.

(R&R (Dkt No. 52) at 9 (citing 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(b), 6(d), and 72(b); Thomas v. Arn, 474 U.S. 140 (1985); and Wagner & Wagner, LLP v. Atkinson, Haskins, Nellis, Brittingham, Gladd & Carwile, P.C., 596 F.3d 84, 92 (2d Cir. 2010)) (emphasis in original))

In reviewing an R&R, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Where a timely objection has been made to a magistrate judge's R&R, the district judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." Id.

Where, as here, no party filed objections to the R&R – despite clear warning that a failure to file objections would result in a waiver of judicial review (see R&R (Dkt. No. 52) at 9) – judicial review has been waived. See DeLeon v. Strack, 234 F.3d 84, 86 (2d Cir. 2000) (a "party generally waives judicial review of an issue when he or she fails to make timely objection to a magistrate judge's report, as long as all parties receive clear notice of the consequences of

2

their failure to object" (citing <u>Small v. Sec'y of Health & Human Servs.</u>, 892 F.2d 15, 16 (2d Cir. 1989)); <u>see</u> <u>also</u> <u>McCarthy v. Manson</u>, 714 F.2d 234, 237 (2d Cir. 1983) ("When a party fails to object timely to a magistrate's recommended decision, it waives any right to further judicial review of that decision.").

This rule is non-jurisdictional, however, and because "its violation may be excused in the interests of justice," <u>DeLeon</u>, 234 F.3d at 86 (citing <u>Roldan v. Racette</u>, 984 F.2d 85, 89 (2d Cir. 1993)), this Court has considered whether there is any "'clear error on the face of the record'" that precludes acceptance of the magistrate judge's recommendation.  <u>Wingate v. Bloomberg</u>, No. 11 Civ. 188 (JPO), 2011 WL 5106009, at *1 (S.D.N.Y. Oct. 27, 2011) (quoting Fed. R. Civ. P. 72(b) advisory committee note; citing <u>Nelson v. Smith</u>, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985) ("To accept the report and recommendation of a magistrate, to which no timely objection has been made, a district court need only satisfy itself that there is no clear error on the face of the record.")).

This Court has reviewed Judge Gorenstein's nine-page R&R and finds it to be thorough, well-reasoned, and free of any clear error.  Accordingly, Judge Gorenstein's R&R (Dkt. No. 52) is adopted in its entirety, and the City of New York's motion to dismiss is granted. And because Plaintiff has previously been granted leave to amend his claims against the City, dismissal will be with prejudice.  (<u>See</u> <u>id.</u> at 9 n.4)

The Clerk of Court is directed to terminate the motion (Dkt. No. 44) and to terminate the City of New York as a Defendant.

Dated: New York, New York  
      December 29, 2022

SO ORDERED.

*Paul G. Gardephe* (signature)

_____  
Paul G. Gardephe  
United States District Judge

3