UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

MANDELA BROCK,

                Plaintiff,

- against -

ACACIA NETWORK, SERVICES FOR
THE UNDERSERVED, DANIEL REYES,
TATIANA CAVE, DONNELL BURT,
MARTINE GREEN s/h/a JANE DOE
MARTINE, NYDIA BROWNE s/h/a JANE
DOE FACILITY MANAGER, SUZETTE
BAPTISTE s/h/a JANE DOE BAPTISTE,
JOEL BARTON, JOHN DOES 1-100 in their
individual capacities, and JANE DOES 1-100
in their individual capacities,

                Defendants.

**ORDER**

21 Civ. 3087 (PGG) (GWG)

---

PAUL G. GARDEPHE, U.S.D.J.:

      Pro se Plaintiff Mandela Brock brings this action under 42 U.S.C. § 1983, alleging violations of his constitutional rights in relation to his access to temporary housing. The Amended Complaint asserts claims against Defendants City of New York (the "City") and its employees Jane Doe Kong, John Doe Vicar, and Jane Doe Vasquez # 16930 (together, the "City Defendants"); Acacia Network and its employees Daniel Reyes, Tatiana Cave, and Donnell Burt (together, the "Acacia Defendants"); Services for the Underserved ("Services") and its employees Martine "Jane Doe" Martine, Suzette "Jane Doe" Baptiste, Nydia Browne (sued as "Jane Doe Facility Manager"), Alicia "Jane Doe" Simmons, and Joel Barton (together, the "Services Defendants"); and John and Jane Does 1-100 (together, the "Doe Defendants"). (See Am. Cmplt. (Dkt. No. 10) at pp. 2-3) Acacia and Services are private organizations that, inter alia, operate homeless shelters in New York City. (Id. ¶¶ 6, 19) The Amended Complaint

generally alleges that Plaintiff was mistreated while staying at shelters operated by Acacia and Services.

On September 9, 2021, this Court dismissed Plaintiff's claims against Jane Doe Kong, John Doe Vicar, and Jane Doe Vasquez as frivolous. (Sept. 9, 2021 Order (Dkt. No. 12) at 6-7) And on December 29, 2022, this Court granted the City's motion to dismiss. (Dec. 29, 2022 Order (Dkt. No. 59)) The remaining Defendants are therefore the Acacia Defendants, the Services Defendants, and the Doe Defendants.

On January 13, 2023, the Services Defendants moved to dismiss the Amended Complaint, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. (Services Mot. (Dkt. No. 61)) On March 2, 2023, the Acacia Defendants moved for judgment on the pleadings, pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. (Acacia Mot. (Dkt. No. 68)) This Court referred the motions to Magistrate Judge Gorenstein for a Report and Recommendation ("R&R"). (Feb. 9, 2023 Order (Dkt. No. 66); May 15, 2023 Order (Dkt. No. 79))

In an April 18, 2023 letter – after the deadlines for oppositions to both pending motions had passed – Plaintiff stated that he "object[s] to [D]efendants' Motion for Summary Judgment." (Apr. 18, 2023 Pltf. Ltr. (Dkt. No. 74)) Plaintiff has not filed an opposition to either motion, however, and the docket reflects that – apart from his April 18, 2023 letter – he has ignored both motions, despite (1) being granted multiple extensions – including an extension in response to his April 18, 2023 letter – and (2) being warned repeatedly that a failure to respond to the motions might result in the dismissal of his case for failure to prosecute. (See Feb. 10, 2023 Sua Sponte Extension Order (Dkt. No. 67); Mar. 13, 2023 Order to Show Cause (Dkt. No. 72); Apr. 4, 2023 Sua Sponte Extension Order (Dkt. No. 73); Apr. 19, 2023 Extension Order

2

(Dkt. No. 77) at 2 ("[T]he Court will grant a one-time extension to April 26, 2023, for plaintiff to file any response to the motion to dismiss and to the motion for summary judgment. If plaintiff fails to do so, the Court will deem plaintiff to have failed to oppose the motions (and if plaintiff attempts to file any opposition after April 26, 2023, will likely strike it). The Court would then proceed to decide the motions on the merits or to dismiss this case for failure to prosecute under Rule 41."); Apr. 25, 2023 Services Ltr. (Dkt. No. 78) (stating that defense counsel spoke by telephone with Plaintiff on April 19, 2023 regarding Judge Gorenstein's Order of that date and subsequently emailed it to him))

On May 18, 2023, Judge Gorenstein issued a thorough, fifteen-page R&R recommending that both motions be granted. (See R&R (Dkt. No. 80)) In the R&R, Judge Gorenstein states that although "there are good grounds to dismiss the case for failure to prosecute under Rule 41, [he] elect[ed] instead to address the two pending motions on the merits." (Id. at 5)

28 U.S.C. § 636(b)(1)(C) provides that, "[w]ithin fourteen days after being served with a copy, any party may serve and file written objections to [a magistrate judge's] proposed findings and recommendations . . . ." 28 U.S.C. § 636(b)(1); see also Fed. R. Civ. P. 72(b)(2) ("Within 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations."). Here, no party has filed objections to Magistrate Judge Gorenstein's R&R.

In the R&R, Judge Gorenstein advises the parties that they

> have fourteen (14) days (including weekends and holidays) from service of this Report and Recommendation to file any objections. . . . If a party fails to file timely objections, that party will not be permitted to raise any objections to this Report and Recommendation on appeal.

(R&R (Dkt No. 80) at 14 (citing 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(b), 6(d), and 72(b); Thomas v. Arn, 474 U.S. 140 (1985); and Wagner & Wagner, LLP v. Atkinson, Haskins,

3

Nellis, Brittingham, Gladd & Carwile, P.C., 596 F.3d 84, 92 (2d Cir. 2010)) (emphasis in original))

In reviewing an R&R, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Where a timely objection has been made to a magistrate judge's R&R, the district judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." Id.

Where, as here, no party filed objections to the R&R – despite clear warning that a failure to file objections would result in a waiver of judicial review (see R&R (Dkt. No. 80) at 14) – judicial review has been waived. See DeLeon v. Strack, 234 F.3d 84, 86 (2d Cir. 2000) (a "party generally waives judicial review of an issue when he or she fails to make timely objection to a magistrate judge's report, as long as all parties receive clear notice of the consequences of their failure to object" (citing Small v. Sec'y of Health & Human Servs., 892 F.2d 15, 16 (2d Cir. 1989)); see also McCarthy v. Manson, 714 F.2d 234, 237 (2d Cir. 1983) ("When a party fails to object timely to a magistrate's recommended decision, it waives any right to further judicial review of that decision.").

This rule is non-jurisdictional, however, and because "its violation may be excused in the interests of justice," DeLeon, 234 F.3d at 86 (citing Roldan v. Racette, 984 F.2d 85, 89 (2d Cir. 1993)), this Court has considered whether there is any "'clear error on the face of the record'" that precludes acceptance of the magistrate judge's recommendation. Wingate v. Bloomberg, No. 11 Civ. 188 (JPO), 2011 WL 5106009, at *1 (S.D.N.Y. Oct. 27, 2011) (quoting Fed. R. Civ. P. 72(b) advisory committee note; citing Nelson v. Smith, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985) ("To accept the report and recommendation of a magistrate, to which no timely

4

objection has been made, a district court need only satisfy itself that there is no clear error on the face of the record.")).

This Court has reviewed Judge Gorenstein's 15-page R&R and finds it to be thorough, well-reasoned, and free of any clear error. Accordingly, Judge Gorenstein's R&R (Dkt. No. 80) is adopted in its entirety, and the Services Defendants' motion to dismiss and Acacia Defendants' motion for judgment on the pleadings are granted.

Finally, "[c]ourts may dismiss a pro se plaintiff's claims against John [and Jane] Doe defendants at the motion to dismiss stage. Given that there are no allegations in the Amended Complaint specific to . . . the [Doe] Defendants, the Court's conclusion that [Plaintiff's] claims fail with respect to the named and identified Defendants applies with equal force to all Defendants." Turner v. City of New York, No. 16CIV8864PAERWL, 2017 WL 6942760, at *5 (S.D.N.Y. Dec. 12, 2017) (citing Wang v. Palmisano, 157 F. Supp. 3d 306, 311 (S.D.N.Y. 2016)); Edwards v. Stefano, No. 13 CV 4345, 2013 WL 6094571, at *3 (E.D.N.Y. Nov. 18, 2013)), report and recommendation adopted, No. 16CIV8864PAERWL, 2018 WL 401513 (S.D.N.Y. Jan. 12, 2018). Accordingly, Plaintiff's claims against the Doe Defendants will likewise be dismissed.

Because (1) Plaintiff has previously been granted leave to amend his claims, (2) Plaintiff has delayed this case by his failure to prosecute, and (3) there is no reason to believe that Plaintiff could state a claim for relief in a Second Amended Complaint, dismissal will be with prejudice. (See R&R (Dkt. No. 80) at 13-14)

The Clerk of Court is directed to terminate the motions (Dkt. Nos. 61 and 68),

5

terminate all remaining Defendants, and close this case.

Dated: New York, New York
       August 14, 2023

                                                SO ORDERED.

                                                _____
                                                Paul G. Gardephe
                                                United States District Judge